UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA ROSE EXPOSE,<br><br>            Plaintiff,<br><br>   v.<br><br>DIANE WIEFENBACH, *et al.*,<br><br>            Defendants. | Case No. 2:21-cv-00699-TLN-JDP (PS)<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS<br><br>ECF No. 2<br><br>SCREENING ORDER<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS CASE BE DISMISSED AS FRIVOLOUS<br><br>ECF No. 1<br><br>OBJECTIONS DUE WITHIN 14 DAYS |

     Plaintiff asserts that defendants violated the Fair Debt Collection Practices Act when foreclosing on her home mortgage through California's unlawful detainer process. Plaintiff seeks injunctive relief to vacate foreclosure proceedings and have her debt discharged. Plaintiff also seeks $5.5 million in damages. Because the Fair Debt Collection Practices Act generally does not apply to mortgage foreclosures and this is one of many lawsuits that plaintiff has brought challenging her foreclosure, I find that this case should be dismissed as frivolous.

1        Plaintiff moves to proceed without prepayment of filing fees. ECF No. 2. Plaintiff's affidavit satisfies the requirements to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a). Thus, the motion, ECF No. 2, is granted.

       Having granted plaintiff's motion to proceed *in forma pauperis*, this complaint is now subject to screening under 28 U.S.C. § 1915(e). A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Further, a complaint is frivolous when it is "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

       The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

       This case is one of at least four federal cases that plaintiff has filed in relation to her unlawful detainer action proceeding in state court. On June 14, 2021, plaintiff filed three cases challenging those state foreclosure proceedings. First, plaintiff filed a notice of removal of her unlawful detainer case from Stanislaus County, and that case was remanded for lack of jurisdiction. *U.S. Bank Nat'l Assoc. v. Expose*, 2:21-cv-01055-JAM-JDP, at ECF Nos. 1, 3. Also on June 14, plaintiff filed another case in this court against U.S. Bank, which was found duplicative of the unlawful detainer case and dismissed. *Expose v. U.S. Bank Nat'l Assoc.*, 2:21-cv-01036-JAM-AC, at ECF Nos. 1, 7. The third case that plaintiff filed on June 14, was against the judges in her unlawful detainer case, and that case was dismissed as frivolous with a warning against continuing to file frivolous claims in this court. *Expose v. Speiller*, 2:21-cv-01035-TLN-KJN, at ECF Nos. 1, 6.

       In this case, plaintiff seeks to challenge the unlawful detainer action proceeding in state

court by claiming U.S. Bank and the other defendants in this action violated the Fair Debt Collections Practices Act when they filed a wrongful nonjudicial foreclosure action against her property. ECF No. 1 at 25. The Fair Debt Collection Practices Act generally does not apply to mortgage foreclosures. *See Ho v. ReconTrust Co., NA*, 858 F.3d 568, 572 (9th Cir. 2017) ("[A]ctions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA."). Mortgage lenders are also not debt collectors under the Act. *Est. of Morris v. Bank of New York Mellon*, 856 F. App'x 669, 672 (9th Cir. 2021). Thus, plaintiff's complaint is based upon a meritless legal theory and should be dismissed as frivolous. Since leave to amend would be futile, dismissal should be with prejudice.

Accordingly, plaintiff's motion to proceed in forma pauperis, ECF No. 2, is granted. Further, it is hereby recommended that:

    1.    Plaintiff's complaint be dismissed with prejudice as frivolous.

    2.    The Clerk of Court be directed to close this case.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    November 23, 2021                                    
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE